**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clarence Charles Nelson,<br><br>Plaintiff,<br><br>v.<br><br>Alaska National Insurance Company, et al.,<br><br>Defendants. | No. CV-25-00043-PHX-KML<br><br>**ORDER** |

The parties agreed to arbitrate plaintiff's breach of contract claim. (Doc. 59.) In December 2025, Alaska National Insurance Company moved to exclude the opinions and testimony of plaintiff's experts. (Doc. 63.) The court denied that request by explaining "it resolves disputes regarding expert testimony either at summary judgment (if a motion or opposition relies on expert testimony) or immediately prior to trial (if a party hopes to call the expert at trial.)." (Doc. 73 at 2.) Alaska National was granted leave to renew its motion at a more appropriate time. Fifteen days later, Alaska National renewed its motion, claiming it needs immediate resolution of the issue because the experts at issue are only relevant to the breach of contract claim that will be arbitrated on April 30, 2026. (Doc. 76.) Alaska National concedes it can present its exclusion arguments to the arbitration panel but claims once that "panel is exposed to inadmissible or undisclosed expert opinions through motion briefing, the prejudice cannot be cured." (Doc. 76 at 2.)

Instead of establishing a plausible basis to immediately consider the admissibility of the experts, Alaska National's renewed motion establishes a new basis for denying relief.

Alaska National admits the experts are only relevant to the breach of contract claim that will be resolved via arbitration. Alaska National further admits it will be able to make its exclusion arguments to the arbitration panel. In these circumstances, Alaska National is asking the court to issue what is effectively an advisory opinion regarding the evidence appropriate for the arbitration panel to consider. *See United States v. Alpine Land & Reservoir Co.*, 887 F.2d 207, 214 (9th Cir. 1989) ("courts should not render advisory opinions upon issues which are not pressed before the court, precisely framed and necessary for decision"). At the very least, Alaska National is asking this court to determine the admissibility of evidence at a time when it is not necessary for this court to do so.

**IT IS ORDERED** the Motion to Exclude (Doc. 76) is **DENIED**.

Dated this 20th day of February, 2026.

_____
**Honorable Krissa M. Lanham
United States District Judge**